THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,            )   No. CR21-075-RSL
                                     )
            Plaintiff,               )
                                     )
        v.                           )   MOTION FOR RELEASE ON BOND
                                     )   PENDING APPEAL
JOHN HOLCOMB,                        )
                                     )   Note on Motion Calendar:
            Defendant.               )   June 30, 2025
                                     )
                                     )   **ORAL ARGUMENT REQUESTED**

John Holcomb, through counsel, respectfully moves the Court to release him from custody because a panel of the Ninth Circuit Court of Appeals has held that all evidence the government has obtained must be suppressed. This motion is brought pursuant to 18 U.S.C. §§ 3143(b) and 3145(c), as well as Local CrR 12(b)(13)[1]. Mr. Holcomb requests his release on an appearance bond with Pretrial Services supervision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2021, Mr. Holcomb appeared for his initial appearance and remained out of custody, pursuant to the conditions listed in an appearance bond.

---

[1] If considered a motion for reconsideration, Mr. Holcomb meets the standard set out in the local rule because "of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local CrR 12(b)(13). The Ninth Circuit panel decision, suppressing the evidence, is a showing of manifest error in the prior ruling and a showing of new facts or legal authority that could not have been brought to this Court's attention at the sentencing hearing.

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

Dkts. 13, 15. On June 7, 2021, the Court modified Mr. Holcomb's bond to allow his access of the Internet for specifically assigned employment duties and with employment approved in advance by Pretrial Services. Dkt. 34.

Mr. Holcomb filed a motion to suppress the evidence against him. Initially, this Court granted Mr. Holcomb's motion to suppress the evidence. Dkt. 58. Later, the Court reversed its order. Dkt. 84. Mr. Holcomb pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Dkt. 116.

On March 16, 2023, the Court sentenced Mr. Holcomb to 240 months of imprisonment, minus credit for time served in county jail, and lifetime supervised release. *Id*. At the sentence hearing, Mr. Holcomb argued he met the standard to remain out of custody pending appeal, pursuant to 18 U.S.C. § 3143(b). Dkt. 120 at 15–20 (indicating constant surveillance since the preceding state cases commenced in January 2020, GPS and location monitoring by Pretrial Services since the federal case commenced on March 9, 2021, attendance at every court hearing, responsiveness to lawyers and Pretrial Services, appearance at the change of plea hearing and sentencing with the knowledge that he could be taken into custody, compliance with terms of the appearance bond, recommendation from Pretrial Services that he remain out of custody through voluntary surrender, employment while on pretrial supervision, decision not to use the Internet, compliance with no possession of unapproved devices).

Mr. Holcomb argued that he clearly and convincingly was not likely to flee or pose a danger to the safety of any other person or the community if the Court maintained the status quo under the appearance bond. *Id*. at 17–18. Mr. Holcomb stated that "[t]his appeal clearly is not for delay" because the Court "initially granted the motion to suppress and later denied it," which was strong evidence of "a substantial question" of law or fact likely to result in reversal. *Id*. at 18. Mr. Holcomb reminded the

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

Court that the government previously "conceded that there will be no evidence against [him]" if the Court of Appeals reverses the denial of the motion to suppress. *Id*. at 19.

Beyond the section 3143(b) factors, Mr. Holcomb claimed he clearly showed "exceptional reasons," based on the additional standard detailed in the Bail Reform Act, why his detention would not be appropriate. Dkt. 120 at 18–20; 18 U.S.C. § 3145(c) ("A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.").

The Court remanded Mr. Holcomb into custody at the sentence hearing. Dkt. 120 at 23, 28. Mr. Holcomb filed a notice to the Ninth Circuit Court of Appeals, appealing this Court's Order (dkt. 84) granting the government's motion for reconsideration and denying Mr. Holcomb's motion to suppress. Dkt. 118. After briefing and oral argument[2], the Ninth Circuit Court of Appeals reversed this Court's order, vacated his conviction and sentence, and remanded the case for further proceedings. Dkt. 129. The government filed a petition for en banc review on May 9, 2025. On June 2, 2025, Mr. Holcomb was directed to file a response to the government's petition for rehearing en banc. Dkt. 130. The Court of Appeals granted the defense request to respond by July 23, 2025.

## II.    THIS COURT HAS JURISDICTION TO RELEASE MR. HOLCOMB WHILE THE APPEAL IS PENDING

The Bail Reform Act permits "the judicial officer" to release "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal," if there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released

---

[2] *See* https://www.youtube.com/watch?v=jSYM-dbpNrQ (last visited June 4, 2025).

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

under section 3142(b) or (c)," and "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in…reversal." 18 U.S.C. § 3143(b)(1)(A)–(B). "If the judicial officer makes such findings, [they] shall order the release of the person in accordance with section 3142(b) or (c) []." 18 U.S.C. § 3143(b)(1).

A person found guilty of a "crime of violence" is eligible for release if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). To determine whether there are exceptional reasons, "the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors [] it would be unreasonable to incarcerate the defendant *prior to* the appellate court's resolution of his appeal." *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003) (emphasis added). "The nature of the defendant's arguments on appeal may also be considered by the district court in determining whether exceptional reasons exist. When there appears to be an unusually strong chance that the defendant will succeed in obtaining reversal of his conviction on appeal he may be able to demonstrate exceptional reasons for delaying commencement of his sentence." *Id*. at 1020.

In some circumstances, "detaining [defendants whose convictions would ultimately be overturned] without the possibility of bail pending appeal might be unreasonable, in part because on appeal imprisonment for any period could well be determined to be unjustified." *Id*. (examining case of sex offenders who had their convictions invalidated in *Stogner v. California*, 539 U.S. 607 (2003)). "Similarly, if the appellate issues are highly unusual in other respects, a district court may consider that factor when evaluating all of the circumstances." *Garcia*, 340 F.3d at 1021.

A district court retains jurisdiction "to address the merits of the motion for bail, irrespective of the pending appeal." *United States v. Masuisui*, 2020 WL 4208919 at *2

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

(D. Hawai'i 2020). *Masuisui* arrived at this conclusion based on the Ninth Circuit's failure "to have directly spoken on this issue" and the Tenth Circuit's conclusion that after " the filing of a notice of appeal…the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court." *Id*. (citing *United States v. Meyers*, 95. F.3d 1475, 1488 n.6 (10th Cir. 1996)). *Masuisui* also reviewed the commentary to the Federal Rules of Criminal Procedure, which states that "the district court retains jurisdiction to decide whether the defendant should be detained, even if a notice of appeal has been filed." *Masuisui* at *2; Fed. R. Crim. P. 46 cmt. (2002 amendments).

## III.   MR. HOLCOMB MEETS THE STANDARD FOR RELEASE FROM CUSTODY PENDING A DECISION ON APPEAL

Mr. Holcomb must be released if (1) the court finds by clear and convincing evidence that he is not likely to flee or pose a danger and (2) it is clearly shown there are exceptional reasons for release.

Mr. Holcomb, clearly and convincingly, is not likely to flee or pose a danger with restrictive bond conditions. He complied with bond conditions, ordered and tailored to assure he did not flee or pose a danger for two years, between March 9, 2021 and March 16, 2023. Dkts. 13, 115. Mr. Holcomb attended his court appearances for the state and federal cases related to the instant circumstances. He did not commit any new law violation. He did not possess unapproved controlled substances. He lived in a home approved by Pretrial Services.

Mr. Holcomb did not contact any witness or victim. Mr. Holcomb did not peruse or possess sexually explicit material. He did not have unapproved access to a computer or the internet. Mr. Holcomb maintained employment. He reported to pretrial services as directed. He complied with a curfew. He did not possess or have access to firearms or dangerous weapons. He abided by restrictions on personal associations, places of

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

abode, or travel. He did not frequent places primarily used by persons under the age of 18. He did not affiliate with organizations that would cause him to have regular contact with persons under the age of 18. He did not have contact with any person under the age of 18. He participated in the location monitoring program. He complied with the computer monitoring program. He participated in the pretrial support group as directed by pretrial services. Additionally, he was readily available for phone calls and responded, as directed, to his Pretrial Officer.

Mr. Holcomb proposes the same bond conditions that this Court ordered while he was out of custody and before the remand. He will live in the same apartment complex in Nevada where this Court permitted him to reside. Mr. Holcomb's wife is prepared to rent, immediately, an apartment at the complex. Mr. Holcomb welcomes proposals for other conditions for an appearance bond.

Additionally, there are clearly exceptional reasons for Mr. Holcomb's release from custody. Here, it would be unreasonable to continue to detain Mr. Holcomb until a final decision of the appellate issues. A panel of the Ninth Circuit Court of Appeals suppressed the evidence and the government will be unable to proceed when that holding stands. This, alone, demonstrates an unusually strong chance that Mr. Holcomb will succeed in obtaining reversal of the conviction.

Mr. Holcomb already has been in custody for over two years and two months. Any additional incarceration, until the appellate issues are decided, is unreasonable and unjustified because of the unusually strong chance that the conviction will be reversed. Therefore, the nature of Mr. Holcomb's arguments on appeal clearly provide an exceptional reason for his release prior to a final appellate decision.

//

//

MOTION FOR RELEASE ON BOND PENDING APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 6

## IV.    CONCLUSION

Based on the new information set forth in this motion, this Court should reopen the detention hearing and order Mr. Holcomb to be released.

DATED this 18th day of June 2025.

Respectfully submitted,

s/ *Gregory Geist*
Assistant Federal Public Defender
Attorney for John Holcomb

I certify this motion contains 1,845 words in compliance with the Local Criminal Rules.

MOTION FOR RELEASE ON BOND PENDING
APPEAL
(*United States v. Holcomb*, CR21-075-RSL) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**